IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| DADIRI MUYA, | : | Case No. 1:23-cv-185 |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| LITTLE, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION and ORDER

Plaintiff Dadiri Muya is an Ohio inmate who is proceeding without the assistance of counsel. He filed this civil rights lawsuit against Defendants Little, John Doe 1, John Doe 2 and John Doe 3. (ECF No. 1.) He has paid the filing fee. (ECF No. 2.) The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Court's General Order 22-05.

This matter is currently before the Court for an initial screening of Plaintiff's Complaint as required by 28 U.S.C. § 1915A. At this early stage of the litigation, without the benefit of briefing, the Court **ORDERS** that Plaintiff's excessive force and/or failure to intervene claims shall be allowed **PROCEED** to further development, along with his related state-law tort claims. The undersigned **RECOMMENDS** that Plaintiff's claims for denial of medical care, violation of due process, and "illegal seizure" be **DISMISSED** without prejudice.

### I. Screening Standard

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," the Court is required to screen his Complaint. 28 U.S.C.

§ 1915A(a). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is required to construe a pro se complaint liberally and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## II.     Parties and Claims

Plaintiff Dadiri Muya alleges that he was confined at the Warren Correctional Institution (WCI) during the events described in the Complaint. (ECF No. 1, PageID 2). Three of the named Defendants—Little, John Doe 1, and John Doe 2—are initially described in the Complaint as correctional officers at WCI. (*Id*., ¶ 4). John Doe 3 is initially described as a correctional captain at WCI. (*Id*., ¶ 5). However, later in the Complaint, John Doe 2 is described as a "captain" while John Doe 3 is described as an officer. (*Id*., PageID 8-9, ¶¶ 30-33).

Plaintiff alleges that on March 10, 2023, Defendants Little, John Doe 1, and John Doe 3 used excessive force against him while he was handcuffed and not resisting. (*See e.g.*, ECF No. 1, PageID 2, 4-7, 9). The use of force included spraying mace directly into Plaintiff's face more than one time, which "medical staff" refused to let him wash off. (*Id*., PageID 5, 8-9). Among other things, Plaintiff alleges that John Doe 2 "ordered" John Doe 3 to spray him with mace. (*Id*., PageID 9). Plaintiff alleges he received inadequate medical care after this event. (*Id*., PageID 8).

A disciplinary hearing was held after these events without Plaintiff's participation. (ECF No. 1, PageID 10). Plaintiff was thereafter transferred to the Southern Ohio Correctional Facility, where he currently resides. (*Id*.)

Based upon these factual allegations, Plaintiff asserts claims of excessive force and/or failure to intervene against all four Defendants under 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution. (ECF No. 1, PageID 10). Plaintiff asserts state-law claims of assault and battery against Defendants Little, John Doe 1, and John Doe 3. (*Id*., PageID 11). He also asserts claims for the denial of medical care in violation of the Eighth Amendment, deprivation of his due process rights in violation of the Fourteenth Amendment, and "illegal seizure" in violation of the Fourth Amendment to the United States Constitution.

3

(*Id.*, PageID 1). Plaintiff seeks declaratory and injunctive relief against Defendants in their individual and official capacities, as well as damages against them in their individual capacities. (ECF No. 1, PageID 1-2, 11).

### III. Discussion

At this stage of the proceedings, without the benefit of an answer or other briefing, the undersigned concludes that Plaintiff's excessive force and/or failure to intervene claims against all four Defendants may **PROCEED** to further development. *See generally Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The undersigned expresses no opinion on the merits of these claims at this time.[1] Plaintiff's state-law claims for assault and battery may also **PROCEED** to further development. As discussed below, however, the undersigned **RECOMMENDS** that Plaintiff's remaining claims be dismissed without prejudice for failure to state a claim upon which relief can be granted.

#### A. Medical Care Claim

Plaintiff alleges that after he was sprayed with mace, he was escorted to "medical," where he reported "that I had just been sprayed excessively twice, while in unit, and *medical staff refused to allow me to decontaminate*." (ECF No. 1, PageID 8 (emphasis added)). This allegation appears to be the basis of Plaintiff's claim for "denial of medical care," or deliberate indifference to a serious medical need, under the Eighth Amendment. (*Id.*, PageID 1). *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (citing *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) and *Farmer*, 511 U.S. at 834) ("To establish a prison official's deliberate indifference to a serious medical need, an inmate . . . must show both that the alleged wrongdoing was objectively

---

[1] These claims, when liberally construed upon initial review, are potentially cognizable in federal court. However, the Court cautions Plaintiff that no determination has been made regarding the merits of these claims or any defenses to them, or whether there are procedural bars that will prevent Plaintiff from obtaining the requested relief.

4

harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence.").

Significantly, Plaintiff does not allege that any of the named Defendants denied him medical care, only that "medical staff" did. (Doc. 1, PageID 8). But "medical staff" have not been sued here, and their alleged wrongdoing fails to state a claim on which relief may be granted as against any of the named Defendants. *See Willis v. ODRC, Dir.,* No. 1:22-cv-264, 2022 WL 2063739, at *4 (S.D. Ohio June 8, 2022), *report and recommendation adopted*, 2022 WL 16735157 (S.D. Ohio Nov. 7, 2022) (citing *Batson v. Hoover*, 355 F. Supp. 3d 604, 611 (E.D. Mich. 2018), *aff'd*, 788 F. App'x 1017 (6th Cir. 2019) (concluding that plaintiff "fails to state a claim for deliberate indifference to a serious medical need against any particular Defendant" where he did not link the failure to provide medical care to any named defendant)). Plaintiff does not allege, for example, that he asked any of the four Defendants for medical care and they refused. This claim should therefore be dismissed without prejudice.

**B.  Due Process Claim**

Plaintiff asserts a claim for "confinement in segregation in violation of the Due Process Clause of the Fourteenth Amendment." (Doc. 1, PageID 1). The Due Process Clause "protects persons against deprivations of life, liberty, or property[.]" *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "[T]hose who seek to invoke its procedural protection must establish that one of these interests is at stake." *Id*. Here, it appears that Plaintiff seeks to invoke a liberty interest.

"Prisoners have narrower liberty and property interests than other citizens as 'lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" *Johnpillai v. Chambers-Smith*, No. 3:21-cv-2037, 2022 WL 2986046, at *3 (N.D. Ohio July 28, 2022) (quoting *Sandin v.*

5

*Conner*, 515 U.S. 472, 485 (1995)). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin*, 515 U.S. at 485. As aptly summarized by another judicial officer of this Court:

> "An inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.' " *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin,* 515 U.S. at 484). "To determine whether changed conditions are 'atypical and significant,' a reviewing court considers both the duration and the nature of the more restrictive confinement relative to 'prison norms and to the terms of the individual's sentence.' " *Id*. (quoting *Harden-Bey v. Rutter*, 524 F.3d 789, 792-93 (6th Cir. 2008)).
>
> Confinement in segregation generally does not rise to the level of an atypical and significant hardship except "in extreme circumstances," such as when a prisoner is subject to an excessively long or indefinite administrative segregation. *Joseph v. Curtin*, 410 F. App'x. 865, 868 (6th Cir. 2010) (citing *Harden-Bey*, 524 F.3d at 795); *see Harris v. Caruso,* 465 F. App'x. 481, 484 (6th Cir. 2012) (a prisoner's 8-year confinement in segregation was of "atypical duration" and presented a cognizable liberty interest). Assignment to restrictive housing likewise does not implicate a liberty interest. *See Perry v. Erdos*, No. 1:22-cv-178, 2022 WL 2256901, at *3 (S.D. Ohio June 22, 2022), *report and recommendation adopted*, 2022 WL 3083522 (S.D. Ohio Aug. 3, 2022) (citations omitted) ("Courts in this District have expressly held that assignment to extended restrictive housing, ODRC's most restrictive security level, does not implicate a due process liberty interest").
>
> Similarly, "[a]n increase in security classification does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (cleaned up); *see also Moody v. Daggett*, 429 U.S. 79, 88 n.9 (1976) (change in "prisoner classification" does not implicate a due process right); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that neither "punishment of more than 60 days of punitive segregation" nor a change in security classification "give rise to a protected Fourteenth Amendment Liberty interest"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (holding that an inmate's placement in disciplinary confinement or a change in security classification or housing assignment did not implicate the Due Process Clause).
>
> Institutional transfers generally do not implicate a liberty interest. *See Workman v. Wilkinson*, 23 F. App'x 439, 440 (6th Cir. 2001) (citing *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976)) ("Even in the absence of a disciplinary conviction, a state may transfer a prisoner to a less desirable facility without implicating the

6

> Due Process Clause.")); *Wilkinson v. Austin*, 545 U.S. at 221 (citing *Meachum*, 427 U.S. at 225) ("the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."); *Moody*, 429 U.S. at 88 n.9 ("no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate."). There is one notable exception: an inmate's transfer to Ohio State Penitentiary, Ohio's "supermax" prison, does impose an atypical and significant hardship, given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates. *See Wilkinson v. Austin*, 545 U.S. at 223-24.

*Jarrett v. Greene*, No. 1:22-cv-456, 2022 WL 13795466, at *11 (S.D. Ohio Oct. 24, 2022) (Bowman, M.J.), *report and recommendation adopted*, 2022 WL 17253595 (S.D. Ohio Nov. 28, 2022) (emphasis in original).

Plaintiff alleges that the events described in the Complaint occurred on March 10, 2023. (ECF No. 1, PageID 2). A hearing was held on March 15, 2023, and Plaintiff was thereafter transferred to Southern Ohio Correctional Facility (SOCF). (*Id.*, PageID 10). When he submitted his Complaint two weeks later, he was at SOCF and therefore apparently out of segregation at WCI. (*Id.*, PageID 12).

Plaintiff has not identified an enforceable liberty interest. His time in segregation at WCI was limited, he was not transferred to Ohio's supermax prison, and he has not alleged that there was anything atypical and significant about his time in segregation. He therefore has failed to state a cognizable due process claim. *See Joseph,* 410 F. App'x at 868 (quoting *Harden-Bey*, 524 F.3d at 796) ("Simply disagreeing with being placed in administrative segregation does not make it 'atypical and significant.'"). This claim should also be dismissed without prejudice.

### C. "Illegal Seizure" Claim

At one place in the Complaint, Plaintiff refers to an "illegal seizure in violation of the Fourth Amendment." (ECF 1, PageID 1). This claim is not otherwise explained. Nor is it included in the "Claims for Relief" section of the Complaint. (*Id.*, PageID 10-11).

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Although prisoners do have Fourth Amendment rights, those rights are limited because "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984); *see Stoudemire v. Michigan Dep't of Corr.*, 705 F.3d 560, 572 (6th Cir. 2013) (quoting *Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992)) ("[A] convicted prisoner maintains some reasonable expectations of privacy while in prison . . . even though those privacy rights may be less than those enjoyed by non-prisoners.").

Plaintiff does not articulate how the Fourth Amendment was allegedly violated here. For example, he does not indicate that he is raising a privacy concern, such as a search of his cell or his own person. To the extent that Plaintiff challenges the Defendants' alleged use of excessive force, that issue is addressed by his Eighth Amendment claims. This Court is "not required to conjure up allegations not pleaded or guess at the nature of an argument." *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012). Given the absence of allegations sufficient to support a claim under the Fourth Amendment, the claim should be dismissed without prejudice.

D.      **Proceeding Further Against John Doe Defendants**

Three of the named Defendants are designated as John Doe defendants. "Although designation of a 'John Doe' or 'unknown' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery." *Robinson v. Doe*, No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio March 10, 2009) (collecting cases); *accord Woodard v. Farris*, No. 2:20-cv-7, 2020 WL 1469886, at *3 (M.D. Tenn. Mar. 25, 2020) (holding "it would be inappropriate to dismiss the claims against the John Doe Defendants at this juncture because of the likelihood that the identities of these Defendants will be determined during discovery").

Plaintiff is advised that after Defendant Little has been properly served and has responded to the Complaint, Plaintiff must learn the names of the John Doe Defendants through discovery, then timely seek leave to amend his Complaint to identify them. *See* Fed. R. Civ. P. 15 (concerning amended and supplemental pleadings); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run"); *Moore v. Moore*, No. 1:19-cv-01634, 2019 WL 6683171, at *3 (N.D. Ohio Dec. 6, 2019) ("the statute of limitations for all of Plaintiff's § 1983 claims is two years"). Plaintiff is further advised that he is responsible for effectuating service of process on any newly-identified John Doe defendant in accordance with the time limits set forth in Fed. R. Civ. P. 4(m). Plaintiff is cautioned not to delay in proceeding against these Defendants.

IV.     **Conclusion**

Having screened the Complaint as required by 28 U.S.C. § 1915A(a), the undersigned **ORDERS** that Plaintiff's excessive force and/or failure to intervene claims against all four Defendants, as well as his state-law tort claims, may **PROCEED** to further development.

9

Plaintiff is responsible for having the Summons and Complaint served on Defendants within the time allowed by Fed. R. Civ. P. 4(m) and must furnish the necessary copies to the person who makes service.  Fed. R. Civ. P. 4(c)(1).  If Plaintiff wishes to have to the Clerk of Court serve process, he shall submit to the Clerk the following documents for Defendant Little **within thirty days**:  a completed Summons Form, a service copy of the Complaint, and an addressed envelope bearing sufficient certified mail postage to serve the Summons and Complaint.  The Clerk is **DIRECTED** to send Plaintiff four blank copies of the summons form for his use.  As discussed above, Plaintiff will be responsible for effectuating service on the John Doe Defendants after he has identified them through discovery and amended his Complaint.

The Undersigned **RECOMMENDS** that the Court **DISMISS WITHOUT PREJUDICE** the following claims in Plaintiff's Complaint:

A. The claim for deliberate indifference to a serious medical need under the Eighth Amendment, based on allegations against non-party "medical staff."

B. The claim under the Due Process Clause of the Fourteenth Amendment for confinement in segregation.

C. The claim under the Fourth Amendment for "illegal seizure."

Plaintiff is **ADVISED** that he must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO ORDERED AND RECOMMENDED.**


June 16, 2023                                     /s/  *Caroline H. Gentry*
                                                  CAROLINE H. GENTRY
                                                  UNITED STATES MAGISTRATE JUDGE

**Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).