IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT COLUMBUS

| | |
|---|---|
| DADIRI MUYA, | Case No. 1:23-cv-00185 |
| Plaintiff, | District Judge Matthew W. McFarland |
| vs. | Magistrate Judge Caroline H. Gentry |
| LITTLE, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

This is a civil rights action under 42 U.S.C. § 1983. Plaintiff is an Ohio inmate and Defendants are employees of the Ohio Department of Rehabilitation and Correction. This matter is before the Court to address Plaintiff's failures to comply with a prior Order to perfect service pursuant to Federal Rule of Civil Procedure 4(m), and for an initial screen of Plaintiff's Amended Complaint (Doc. No. 6).

### I.  BACKGROUND

Plaintiff filed his Complaint (Doc. No. 1) on April 3, 2023. On June 16, 2023, after it conducted an initial screen of the Complaint, the Court permitted some of the claims to proceed. The Court cautioned Plaintiff:

> Plaintiff is responsible for having the Summons and Complaint served on Defendants within the time allowed by Fed. R. Civ. P. 4(m) and must furnish the necessary copies to the person who makes service. Fed. R. Civ. P. 4(c)(1). If Plaintiff wishes to have to the Clerk of Court serve process, he shall submit to the Clerk the following documents for Defendant Little **within thirty days**: a completed Summons Form, a service copy of the Complaint, and an addressed envelope bearing sufficient certified mail

> postage to serve the Summons and Complaint. . . . Plaintiff will be responsible for effectuating service on the John Doe Defendants after he has identified them through discovery and amended his Complaint.

(Doc. 3, PageID 24 (emphasis in original).)

Nine months later, Plaintiff had neither perfected service on any Defendant nor requested service from the Clerk as explained in the Court's Order. The Court then issued an Order to Show Cause ("OSC") in which it advised Plaintiff that, because he did not timely perfect service, his Complaint was subject to dismissal pursuant to Federal Rule of Civil Procedure 4(m). (Doc. No. 5.) The Court ordered Plaintiff to perfect service upon Defendant Little or show cause why this matter should not be dismissed within thirty days of the date of the Order to Show Cause. (*Id*. at PageID 29.)

Plaintiff did not comply with the Order to Show Cause. Instead, Plaintiff filed an Amended Complaint (Doc. No. 6) that, among other changes, dismissed his claims against Defendant Little[1], identified Defendants John Doe 1 and John Doe 3 as "Andrew Firman," and identified Defendant John Doe 2 as "Kameron Williams."[2] (*Id*. at PageID 31.) Plaintiff filed completed summons forms for Defendants Firman and Williams (Doc. No. 6-1). He did not, however, send the Clerk either a service copy of his Amended Complaint or addressed and pre-paid envelopes for service, as he had previously been ordered to do for service of the initial Complaint. (Doc. No. 3, PageID 24.)

---

[1] Plaintiff's Amended Complaint indicates that this individual's name is, in fact, Chase M. Liddil. (Doc. No. 6, PageID 31.)

[2] Although Plaintiff's Amended Complaint does not state that Defendant Williams and John Doe 2 are the same person, his allegations against Defendant Williams are substantively identical to the allegations against John Doe 2. (*Compare* Doc. No. 1, PageID 9 ("John Doe 2 . . . stated , 'Well, that doesn't happen here . . . '" (cleaned up)) *with* Doc. No. 6, PageID 33 ("Defendant K. Williams then responds . . . , 'We don't do that here.'" (cleaned up)).)

## II. PLAINTIFF'S AMENDED COMPLAINT

### A. Legal Standard

Because no Defendant has been served in this case, Rule 15(a) of the Federal Rules of Civil Procedure affords Plaintiff an "absolute right" to amend his Complaint. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). Therefore, Plaintiff's Amended Complaint (Doc. No. 6) is now his "operative" or controlling complaint, and the Court will not "address facts, arguments, or claims that were raised in [earlier] filings." *Hellmuth v. Hood*, No. 19-03198, 2019 WL 8219511, at *2 (6th Cir. Nov. 4, 2019). However, because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," his Amended Complaint is subject to initial screening by the Court pursuant to 28 U.S.C. § 1915A.

The standards applicable to an initial screen under Section 1915A are fully set forth in the undersigned Magistrate Judge's earlier Report and Recommendation (Doc. No. 3) and need not be repeated here. Briefly, the Court must dismiss any portion of the Amended Complaint that is frivolous or malicious or that fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Because Plaintiff is proceeding without the assistance of counsel, the Court construes his Amended Complaint liberally and holds it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

B.        **Plaintiff's Allegations**

The relevant events occurred on March 10, 2023, while Plaintiff was incarcerated at the Warren Correctional Institute ("WCI"). Defendant Firman, who was employed as a corrections officer at WCI, responded to an unspecified "incident" in Unit 2D. (Doc. No. 6, PageID 32.) When Defendant Firman arrived, "Plaintiff [had] already surrendered and [was] ready to be placed in restraints without any necessary force." (*Id*.) Plaintiff lay on his stomach and placed his hands in the air for Defendant Firman to secure. (*Id*.) However, Defendant Firman kneeled on Plaintiff's back with his knee between Plaintiff's shoulder blades, which caused Plaintiff to cry out, begin to lose consciousness, and fear for his life. (*Id*.) Defendant Firman repeatedly called for Plaintiff to "stop resisting," and administered "heavy duty mace" directly to Plaintiff's face. (*Id*.) Plaintiff states that his lungs burned "from both the lack of air flow and the mace." (*Id*.) He also states that other officers arrived and "topple[d] their weight onto" him. (*Id*.)

After receiving "ineffectual medical treatment," Plaintiff was escorted to the restrictive housing unit and placed in a "strip cage."[3] (Doc. No. 6, PageID 33.) Defendant Williams arrived and asked Plaintiff, in a menacing and threatening manner, what had happened. (*Id*.) Plaintiff explained and asserted his belief that "an inmate has the right to ask for a high[-]ranking officer . . . when there is a misunderstanding between a petty officer and an inmate." (*Id*.) Defendant Williams responded: "We don't do that here, I'm not here to babysit. And if you were here five years ago, before these cameras and body

---

[3] The Court understands the term "strip cage" to mean a structure used to restrain inmates while they are strip-searched.

cameras, you would've been on a stretcher to OSU [hospital] . . . in the back of an ambulance." (*Id.*) After repeatedly glancing toward the doorway, Defendant Williams further stated: "Have you heard about Lucasville? I'll deal with you here. I know people. And good luck when you get there." (*Id.*) Defendant Williams then left the room. (*Id.*)

Defendant Firman then re-entered the room. (*Id.* at PageID 34.) Taking care that his actions would not be visible on camera, he sprayed additional mace in the cell in which Plaintiff was being held, causing Plaintiff to "wheez[e], cough[], and sneez[e]." (*Id.*) Defendant Firman then left the room. (*Id.*) Plaintiff "does not believe that [Defendant Firman's] actions were a coincidence to [sic] the threats made to Plaintiff by [Defendant Williams]." (*Id.*) Plaintiff asserts that both Defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment through abuse, excessive use of force, and unsafe conditions. (*Id.*)

At this early stage of proceedings, without the benefit of briefing, the undersigned finds that these allegations, construed liberally, are sufficient to state Eighth Amendment claims against both Defendants and that those claims warrant further development. The undersigned therefore **ORDERS** that those claims be permitted to proceed.

### III.  FAILURE OF TIMELY SERVICE

Plaintiff's Amended Complaint does not "restart" the ninety-day service deadline imposed by Federal Rule of Civil Procedure 4(m). *Harris v. City of Cleveland*, 7 F. App'x 452, 456 (6th Cir. 2001) ("A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants."). *See also Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987) ("We do

not believe, however, that the order [granting leave to amend] started the [Rule 4(m) clock] running again from the date when the amended complaint was filed. The purpose of allowing complaints to be amended is to enable the pleadings to be conformed to the developing evidence rather than to extend the time for service indefinitely.") (cited with approval by *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156, 1157 (6th Cir. 1991)); *Petty v. Cty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007) (Rule 4(m) time limit applies to John Doe defendants). Therefore, at present, Plaintiff has failed to comply with Federal Rule of Civil Procedure 4(m) and the Court's prior Order (Doc. No. 5).

However, the Sixth Circuit has expressed a "strong preference that claims be adjudicated on their merits." *Coleman v. Shoney's, Inc*., 79 Fed App'x 155, 157 (6th Cir. 2003). Furthermore, "it is incumbent on the [C]ourt to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Friedmann v. Campbell*, No. 98-06728, 1999 WL 1045281, at *1 (6th Cir. Nov. 8, 1999). Therefore, out of an abundance of caution, the Court will once again extend the time limit for service. Plaintiff is cautioned that further extensions may not be granted absent a showing of good cause.

Accordingly, Plaintiff is **ORDERED** to serve the Summons and Amended Complaint on Defendants Williams and Firman no later than **FORTY-FIVE (45) DAYS** from the date of this Order. Service must conform to the requirements of the Federal Rules of Civil Procedure. **IF PLAINTIFF WISHES TO HAVE THE CLERK OF COURT SERVE PROCESS, HE MUST, WITHIN THIRTY (30) DAYS, SUBMIT TWO ENVELOPES, EACH ADDRESSED TO A DEFENDANT AND BEARING**

**SUFFICIENT CERTIFIED-MAIL POSTAGE TO MAIL THE SUMMONS AND COMPLAINT.**

IV. **CONCLUSION**

In sum, for the reasons stated, the Court **ORDERS** as follows:

1. The Eighth Amendment claims against Defendants Firman and Williams set forth in Plaintiff's Amended Complaint (Doc. No. 6) may **PROCEED** to further development. The undersigned Magistrate Judge expresses no opinion on the merits of those claims at this time.

2. Plaintiff is **ORDERED** to serve the Summons and Amended Complaint on Defendants Williams and Firman no later than **FORTY-FIVE (45) DAYS** from the date of this Order. Service must conform to the requirements of the Federal Rules of Civil Procedure. **IF PLAINTIFF WISHES TO HAVE THE CLERK OF COURT SERVE PROCESS, HE MUST, WITHIN THIRTY (30) DAYS, SUBMIT TWO ENVELOPES, EACH ADDRESSED TO A DEFENDANT AND BEARING SUFFICIENT CERTIFIED-MAIL POSTAGE TO SEND THE SUMMONS AND COMPLAINT.**

**IT IS SO ORDERED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge