UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| DADIRI MUYA, | : | Case No. 1:23-cv-00185 |
| Plaintiff, | : | District Judge Matthew W. McFarland |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| ANDREW FIRMAN, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This civil rights case began in April 2023. Plaintiff Dadiri Muya is incarcerated and is pursuing his claims without the assistance of counsel. Because he is not proceeding *in forma pauperis*, he is responsible for perfecting service on Defendants. (Doc. Nos. 2, 7.) Plaintiff Muya named two defendants in the Amended Complaint: Andrew Firman and Kameron Williams. (Doc. No. 6.) There is no evidence they have been properly served. (*See* Doc. No. 27 at PageID 126.)

On February 6, 2025, the undersigned Magistrate Judge gave Plaintiff a final opportunity to serve Defendants, noting that the Court

> has ordered Plaintiff Muya to serve the named defendants in this case more than once. (*See, e.g.,* Doc. Nos. 3, 5, 7, 27.) Muya has attempted to do so or to obtain a waiver of service. (*See, e.g.,* Doc. Nos. 10, 11, 15, 16, 24, 25.) He has not been successful (*see* Doc. Nos. 24, 25, 27) although there is some evidence that he in fact conveyed his Amended Complaint to them. (*See* Doc. No. 16.) Muya requested that Firman and Williams waive service, but they (or someone on their behalf) declined. (*See* Doc. No. 25 at PageID 95.) Meanwhile, two attorneys have appeared herein to protect the State of Ohio's interest and to argue against Muya's position. (*See* Notice of Interested Party State of Ohio's Limited Appearance on Behalf of

Unserved Defendants, Doc. No. 24; Notice of Interested Party State of Ohio's Limited Appearance as Co-Counsel of Behalf of Unserved Defendants, Doc. No. 31.)

Most recently, on November 21, 2024, the undersigned ordered Muya to serve the two Defendants named in his Amended Complaint within thirty days. (Doc. No. 27.) In that first Order Concerning Service, the undersigned directed the Clerk of Court:

> to issue signed summonses for [Defendants] Firman and Williams (Doc. No. 22) and send them to Muya with this Order. The Clerk is further **DIRECTED** to send Muya a copy of his Amended Complaint. (Doc. No. 6.)
>
> The Court **ORDERS** Muya to serve both Firman and Williams with a signed summons and a copy of the Amended Complaint. The Court further **ORDERS** Muya to file a document titled "Notice Concerning Service" that identifies the date on which he served Firman and Williams. Assuming that Muya will again use certified mail, he shall provide the relevant tracking information in his Notice. Muya must file the Notice Concerning Service **within thirty (30) days** of the date of this Order.

(Doc. No. 27 at PageID 127). Muya's Notice was due on December 23, 2024. As of this writing, the Court has not received it. Muya did, however, file a motion for appointed counsel (Doc. No. 29), which was denied. (Doc. No. 30.) The undersigned reiterated in that Order that "Plaintiff's 'Notice Concerning Service' identifying when he served [Firman and Williams] is due December 23, 2024." (*Id.* at PageID 135 (emphasis in original).) The undersigned takes judicial notice of the fact that the Court's mail to and from Ohio prisons is sometimes delayed. *See generally Vinson v. Brown*, No. 2:23-cv-80, 2024 U.S. Dist. LEXIS 4128 (S.D. Ohio Jan. 8, 2024) (discussing mail from this Court).

Plaintiff Muya is required to serve Defendants Firman and Williams with process before anything else can happen in this case. Fed. R. Civ. P. 4(c)(1). Given the somewhat unusual circumstance presented here—where Defendants may have notice but apparently have not been served, and the attorneys who would represent them are participating in the case, while Plaintiff has no attorney and has not been able to proceed in part because of Defendants' refusal to waive service—the Court finds it equitable to give Muya one final opportunity to perfect service.

2

> The Court again **ORDERS** Muya to serve Firman and Williams with a signed summons and a copy of the Amended Complaint. The Court further **ORDERS** Muya to file with the Court a document titled "Notice Concerning Service" that identifies the date on which he served Firman and Williams. If Muya serves Defendants by certified mail, he shall provide the relevant tracking information in his Notice. <u>Muya must file the Notice Concerning Service by **March 3, 2025**</u>.
>
> **If Muya does not serve Firman and Williams and file the Notice Concerning Service by that date, the Magistrate Judge will recommend that the Court dismiss this case for failure to prosecute.**

(Second Order Concerning Service, Doc. No. 32 [emphases in original and footnote omitted].)

The March 3, 2025 deadline has passed and Plaintiff has not filed the Notice Concerning Service. There is no evidence on the docket that Defendants have been served. Dismissal is therefore warranted under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

Rule 4(m) provides:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, the Amended Complaint was filed on April 10, 2024 (Doc. No. 6) and the Court permitted Plaintiff to proceed with his claims on May 22, 2024 (Doc. No. 7). Ninety days after that date was August 20, 2024, which was nearly seven months ago.

3

Fed. R. Civ. P. 41(b) "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order." *Rogers v. City of Warren*, 302 F. App'x 371, 375 and n.4 (6th Cir. 2008). "District courts also have the inherent power to sua sponte dismiss civil actions for want of prosecution [in order to] to manage their own affairs [and] achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

Dismissal is appropriate here. Perfecting service is solely Plaintiff's responsibility. *See* Fed. R. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."). Although a request for waiver of service was denied, that is Defendants' right.

The Court warned Plaintiff that this recommendation of dismissal was forthcoming if he did not serve Defendants. Prior to that, the Court attempted to accommodate Plaintiff with several extensions of time and opportunities to complete service. Nonetheless, Defendants have not been served, and this case cannot move forward. The Magistrate Judge accordingly **RECOMMENDS** that the District Judge **DISMISS** this case without prejudice.

The undersigned also **RECOMMENDS** that the District Judge **CERTIFY** that an appeal of any order adopting this Report and Recommendation would not be taken in good faith and accordingly **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

4

Plaintiff may file Objections to these recommendations as discussed in the Notice below. He is reminded that he must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO ORDERED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

### Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy. Fed. R. Civ. P. 72(b). All objections shall specify the portion of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed. A party may respond to another party's objections **within fourteen days** after being served with a copy.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the

R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).