**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| DADIRI MUYA, | : | Case No. 1:23-cv-00185 |
| | : | |
| Plaintiff, | : | District Judge Matthew W. McFarland |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| ANDREW FIRMAN, *et al*., | : | |
| | : | |
| Defendants. | : | |

---

### REPORT AND RECOMMENDATION

---

This civil rights case is before the Court to consider whether Defendant Kameron Williams has been properly served within the timeframe set by the Federal Rules of Civil Procedure and extended by this Court's orders. Because he has not, the undersigned Magistrate Judge **RECOMMENDS** that the Court dismiss all claims against him.

Plaintiff Dadiri Muya named two defendants in his Amended Complaint: Andrew Firman and Kameron Williams. (Doc. No. 6.) Plaintiff is responsible for serving these Defendants. Fed. R. Civ. P. 4(c)(1). However, Plaintiff is a state prisoner who is proceeding without the assistance of counsel, which has complicated the process. (*See* Order Concerning Service, Doc. No. 27; Second Order Concerning Service, Doc. No. 32; Third Order Concerning Service; Order to Show Cause, Doc. No. 37.)

In the Third Order Concerning Service; Order to Show Cause (Doc. No. 37), the undersigned noted that:

> It appears that Plaintiff has not served Defendant Williams with process, and Plaintiff has provided no explanation for this failure. Plaintiff is

**ORDERED** to **SHOW CAUSE** why his claims against Defendant Williams should not be dismissed for failure of timely service and/or for failure to comply with court orders. Fed. R. Civ. P. 4(m). (Doc. Nos. 27, 32.) Plaintiff shall file any response by **September 8, 2025**.

(Doc. No. 37 at PageID 155-156.) Plaintiff filed no response.

This case was opened on the Court's docket on April 3, 2023. (Doc. No. 1.) Defendant Williams was first named as a defendant on April 10, 2024. (Amended Complaint, Doc. No. 6.) In May 2024, this Court allowed certain claims against Williams to proceed. (Doc. No. 7 at PageID 45.) The Court ordered Plaintiff to serve a summons and copy of the Amended Complaint on both Defendants by July 2024. (Doc. No. 7 at PageID 47.) In November 2024, the Court again ordered Plaintiff to serve Defendants and to demonstrate his compliance by December 2024. (Doc. No. 27.) In February 2025, the Court re-set the deadline for March 3, 2025. (Doc. No. 32.) Throughout this time, Plaintiff engaged with the court case and attempted to move it forward but did not accomplish service of process. Currently an attempt to serve the other defendant (Andrew Firman) is underway. (*See* Doc. Nos. 37, 38, 39, 40.)

On August 7, 2025, as quoted above, the undersigned ordered Plaintiff to show cause why Defendant Williams should not be dismissed. (Doc. No. 37.) Plaintiff did not file a response. In the absence of any response and given that the re-set deadline for service has long since expired (Doc. Nos. 32), the undersigned **RECOMMENDS** that the Court **DISMISS** all Plaintiff's claims against Kameron Williams for failure of service and failure to prosecute. (*See* [Withdrawn] Report and Recommendation, Doc. No. 34

2

[going through the relevant case history and standards for dismissal under Fed. R. Civ. P. 4(m) and 41(b), which are incorporated herein by reference].)

The undersigned also **RECOMMENDS** that the District Judge **CERTIFY** that an appeal of any order adopting this Report and Recommendation would not be taken in good faith and accordingly **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may file Objections to these recommendations as discussed in the Notice below. He is reminded that he must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO ORDERED**.

s/*Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

**Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy. Fed. R. Civ. P. 72(b). All objections shall specify the portion of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed. A party may respond to another party's objections **within fourteen days** after being served with a copy.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this

3

Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).